IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARVIN KALANI MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civ. No. 14-00278 ACK-BMK |
| | ) |
| MAUI POLICE CHIEF GARY YABUTA, | ) |
| MAUI POLICE DEPARTMENT, and | ) |
| COUNTY OF MAUI | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER REMANDING ACTION TO STATE COURT

For the reasons discussed below, the instant case is remanded to the Circuit Court of the Second Circuit, State of Hawaii, because this Court lacks subject matter jurisdiction. Accordingly, this Court need not examine the merits of Defendants' Motion for Summary Judgment.

## BACKGROUND

On May 30, 2014, Plaintiff Marvin Kalani Miles ("Plaintiff") filed a Complaint against Maui Police Chief Gary Yabuta, Maui Police Department, and the County of Maui (collectively "Defendants") in the Circuit Court of the Second Circuit, State of Hawaii.[1] (Doc. No. 1-1.) On June 17, 2014, Defendants removed the case to this Court, purportedly under 28

---

[1]Plaintiff appears in this action pro se although his Complaint was drafted and filed by an attorney.

1

U.S.C. §§ 1331 and 1441(b). (Doc. No. 1.)

Plaintiff's Complaint contains four causes of action. In the First Cause of Action, Plaintiff alleges that Defendants terminated his employment with the Maui Police Department because of his activities on behalf of the State of Hawaii Organization of Police Officers Union, in violation of the National Labor Relations Act, 29 U.S.C. §§ 157 and 158. (Compl. ¶ 18.) In the Second and Third Causes of Action, Plaintiff asserts that Defendants violated Part I of Chapter 378 of the Hawaii Revised Statutes. (Id. ¶¶ 20 & 22.) Finally, in the Fourth Cause of Action, Plaintiff alleges that

> Defendants through general and specific orders, policy manuals and/or rules and regulations gave promises of specific treatment in specific situations. Plaintiff reasonably relied upon such promises of specific treatment. Plaintiff's termination was in breach of Defendants' promises of specific treatment.

(Id. ¶ 24.)

On August 29, 2014, Defendants filed the instant Motion for Summary Judgment ("Motion"), along with a Concise Statements of Facts and exhibits attached thereto. (Doc. Nos. 17 & 18.) Plaintiff has not filed an opposition to Defendants' Motion.

The Court finds this matter suitable for disposition without a hearing pursuant to D. Haw. Local Rule 7.2(d).

## DISCUSSION

Citing the U.S. Supreme Court's decision in <u>Bell v.</u>
<u>Hood</u>, 327 U.S. 678, 682-83 (1946), the Ninth Circuit has held
"that there are two exceptions to the general rule that one looks
to the allegations in the complaint to determine if there is
federal jurisdiction." <u>Ballou v. Vancouver Police Officers'</u>
<u>Guild</u>, 389 Fed. Appx. 681, 682 (9th Cir. 2010) (unpublished).[2]
The exception relevant to this case provides that "'a suit may
sometimes be dismissed for want of jurisdiction where the alleged
claim under the Constitution or federal statutes . . . is wholly
insubstantial and frivolous.'" <u>Id.</u> (quoting <u>Bell</u>, 327 U.S. at
682-83); <u>cf.</u> <u>Albingia v. Versicherungs A.G. v. Schenker Int'l</u>
<u>Inc.</u>, 344 F.3d 931, 935 (9th Cir. 2003), <u>amended by</u> 350 F.3d 916
(9th Cir. 2003) (holding that removal prior to discovery was
proper because the federal claim was not insubstantial or
frivolous).

It is evident from the face of the Complaint that
Plaintiff's NLRA claim (First Cause of Action) is insubstantial
and frivolous because the NLRA does not apply to local
governments or their employees, and Plaintiff pleaded that he was
employed as a police officer with the Maui Police Department, a
department within the Maui County government. <u>See</u> <u>Ballou</u>, 389
Fed. Appx. at 682 (citing 29 U.S.C. §§ 152(2)-(3) (providing that

_____

[2]Ninth Circuit Rule 36-3(b) permits the citation of
unpublished dispositions and orders of the Ninth Circuit issued
on or after January 1, 2007.

the term "employer" does not include "any State or political subdivision thereof" and that the term "employee" does not include "any other person who is not an employer as herein defined"); <u>Jackson Transit Auth. v. Local Div. 1285, Amalgamated Transit Union, AFL-CIO-CLC</u>, 457 U.S. 15, 23 (1982) (holding that "labor relations between local governments and their employees are the subject of a longstanding statutory exemption from the National Labor Relations Act"); <u>and</u> <u>N.A.A.C.P., Detroit Branch v. Detroit Police Officers Ass'n (DPOA)</u>, 821 F.2d 328, 331-32 (6th Cir. 1987) ("Public employees of the political subdivisions of a state are not governed by the federal labor laws.")). Because Plaintiff's NLRA claim is the sole federal claim in the Complaint[3/] and because this claim is wholly insubstantial and frivolous, the Court concludes that it lacks subject matter

---

[3/]Plaintiff's Fourth Cause of Action appears to bring a Hawaii common law claim. However, this cause of action could be construed as containing a claim under the Labor Management Relations Act ("LMRA"). To the extent Plaintiff asserts a LMRA claim, the Court finds that this claim is wholly insubstantial and frivolous because, like the NLRA, the LMRA does not apply to local governments or their employees. <u>See</u> 29 U.S.C. § 142(3) (incorporating by reference 29 U.S.C. § 152, the definitions section of the National Labor Relations Act); <u>Pacific Mar. Ass'n v. Local 63, Int'l Longshoremen's & Warehousemen's Union</u>, 198 F.3d 1078, 1081 (9th Cir. 1999) (holding that the LMRA does not apply to public sector unions); <u>Richards v. Ohio Civil Serv. Employees Ass'n</u>, 205 Fed. Appx. 347, 354 (6th Cir. 2006) (holding that "the LMRA expressly excludes public employers - and by association, public employees - from its coverage"). Thus, the LMRA cannot provide a basis for this Court's subject matter jurisdiction.

jurisdiction over this case.[4/] <u>Ballou</u>, 389 Fed. Appx. at 682;

<u>see</u> <u>also</u> <u>Parks v. Watkins</u>, Civ. No. 11-00594 HG-RLP, 2013 WL

431950, at *3 (D. Haw. Jan. 31, 2013) ("A federal court does not

have authority to exercise supplemental jurisdiction over

remaining state-law claims when the federal-law claims are

dismissed for lack of subject matter jurisdiction. Supplemental

jurisdiction may only be invoked when the district court has 'a

hook of original jurisdiction on which to hang it.'") (quoting

<u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805-06

(9th Cir. 2001)).

Where a case has been removed from state court, 28

U.S.C. § 1447(c) directs that "[i]f at any time before final

judgment it appears that the district court lacks subject matter

jurisdiction, the case <u>shall</u> be remanded." <u>Id.</u> (emphasis added).

Thus, this Court, lacking subject matter jurisdiction, is

required under § 1447(c) to remand the instant case to state

court. As a result, this Court need not examine the merits of

Defendants' Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, the instant case is remanded

to the Circuit Court of the Second Circuit, State of Hawaii,

because this Court lacks subject matter jurisdiction.

---

[4/]The Court notes that there is no diversity jurisdiction in
this case.

Accordingly, this Court need not examine the merits of Defendants' Motion for Summary Judgment.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, November 18, 2014.



_____
Alan C. Kay
Senior United States District Judge

<u>Miles v. Maui County et al.</u>, Civ. No. 14-00278 ACK-BMK: ORDER REMANDING ACTION TO STATE COURT